T.C. Summary Opinion 2008-85

UNITED STATES TAX COURT

KAREN HODSDON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1089-07S.              Filed July 15, 2008.

Karen Hodsdon, pro se.

<u>Kim Nguyen</u>, for respondent.

HAINES, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code as in effect for the year at issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.  Amounts are rounded to the nearest dollar.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2004 Federal income tax of $944 and additions to tax under section 6651(a)(1) and (2) of $212 and $76, respectively.

The issues are: (1) Whether petitioner received income during 2004; (2) whether petitioner is liable for the additions to tax; and (3) whether the Court should impose a penalty under section 6673(a).

## Background

Petitioner resided in California at the time her petition was filed.

During 2004 petitioner earned wages of $16,632 from her employer, Goodwill Industries of Orange County. Petitioner and her husband, Michael E. Hodsdon, submitted a joint Federal income tax return for 2004 that reported zeros on all lines, except the return reported a standard deduction, two exemptions, Federal income tax withheld, and a refund requested. Respondent determined the return was not valid and did not process it.

On August 2, 2006, respondent prepared for petitioner a substitute return under section 6020(b) for 2004. On October 13, 2006, respondent issued petitioner a notice of deficiency. Petitioner timely petitioned this Court. Trial was held in Los Angeles, California, on March 10, 2008.

Discussion

I.   Unreported Income

Generally, a taxpayer bears the burden of proving the Commissioner's determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, the U.S. Court of Appeals for the Ninth Circuit, the court to which appeal in this case would lie, has held that the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity, or otherwise demonstrate that the taxpayer received unreported income, for the presumption of correctness to attach to the deficiency determination in unreported income cases.  Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977).  If the Commissioner introduces such evidence demonstrating that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous.  See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

Respondent introduced into evidence a computer-generated form stating that respondent received from Goodwill Industries of Orange County a Form W-2, Wage and Tax Statement, reporting that it paid petitioner wages of $16,632 during 2004.  Respondent has therefore made the requisite connection between petitioner and

the unreported income.  See id. at 1005 (evidentiary foundation requirement satisfied when the taxpayer's employer reported the taxpayer's income to the Commissioner).

Petitioner does not deny that she received the income at issue.  Rather, she raises frivolous and groundless challenges to the taxation of the income at issue.  For example, petitioner argues that private citizens are not liable for income tax.  Petitioner's arguments have been rejected by this Court and other courts, and "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) (compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of the United States to be income subject to the income tax laws currently applicable).  We therefore find that petitioner received the income at issue and she is liable for Federal income tax upon it.

II.  Additions to Tax

The Commissioner bears the initial burden of production with respect to a taxpayer's liability for additions to tax under section 6651(a)(1) and (2).  Sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  To meet this burden the Commissioner must come forward with sufficient evidence

indicating it is appropriate to impose the additions to tax. Higbee v. Commissioner, supra at 446-447. Once the Commissioner meets his burden, the taxpayer must come forward with evidence sufficient to persuade the Court that the Commissioner's determinations are incorrect.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing) unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. A return that reports zeros on all relevant lines is not a valid return for purposes of section 6651(a)(1). Cabirac v. Commissioner, 120 T.C. 163, 169-170 (2003). Petitioner's 2004 return reported zeros on all relevant lines, and she did not make an honest and reasonable attempt to supply the information required by the Internal Revenue Code. We therefore find that petitioner did not file a valid 2004 return. Petitioner did not establish that her failure to file was due to reasonable cause. Accordingly, we sustain the section 6651(a)(1) addition to tax as determined.

Section 6651(a)(2) imposes an addition to tax of 0.5 percent per month (up to a maximum of 25 percent) for failure to make timely payment of the tax shown on a return unless the taxpayer shows that the failure is due to reasonable cause and not due to willful neglect. The addition to tax applies only when an amount

of tax is shown on a return.  Cabirac v. Commissioner, supra at 170.  Under section 6651(g), a return prepared by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purpose of determining the amount of an addition to tax under section 6651(a)(2).  For these purposes, a section 6020(b) return, in the context of section 6651(a)(2) and (g)(2), "must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'." Spurlock v. Commissioner, T.C. Memo. 2003-124; see also Cabirac v. Commissioner, supra at 170-171.  Respondent prepared a substitute for return that satisfied the requirements of sections 6651(a)(2) and (g)(2) and 6020(b).  Petitioner has not paid the tax due and has not established that her failure to timely pay was due to reasonable cause.  Accordingly, we sustain the section 6651(a)(2) addition to tax as determined.

III. Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that the proceedings were instituted primarily for delay or the taxpayer's position is frivolous or groundless.  The Court may sua sponte determine whether to impose such a penalty.

This is not the first time petitioner has been faced with the imposition of a section 6673(a)(1) penalty by this Court. In docket No. 23930-04S the Court imposed a penalty of $1,000 against petitioner and her husband for instituting the proceedings for the purpose of delay and for raising frivolous arguments. In docket No. 15420-05S, the Court did not impose a penalty but warned petitioner and her husband that they could be held liable for a section 6673(a)(1) penalty because they insisted on raising frivolous and groundless arguments.

The record shows that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse her own misguided views. She has repeatedly wasted the Court's time and resources. The Court previously imposed upon petitioner a $1,000 penalty in the hope that she would cease this unacceptable behavior. However, it appears that the $1,000 penalty was insufficient to deter her from behaving in a similar fashion in this case. For that reason we now require petitioner to pay a penalty of $2,000 pursuant to section 6673(a)(1). Petitioner and her husband are warned that if they insist on taking frivolous or groundless positions in this Court, much harsher penalties will be imposed in the future.

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.