**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-71


UNITED STATES TAX COURT


JOSE HERCULES DACO AND FILIPINAS M. DACO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 29382-11S.                     Filed September 9, 2013.


Jose Hercules Daco and Filipinas M. Daco, pro sese.

Jon D. Feldhammer, for respondent.


SUMMARY OPINION


HAINES, Judge:  This case was heard pursuant to section 7463 of the

Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code as amended and in effect for the taxable years at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' Federal income tax for 2008 and 2009 (years at issue) of $17,756[2] and $21,357, respectively. After concessions,[3] there are three issues for decision. The first issue is whether petitioners are entitled to deduct certain losses from their rental real estate activity for the years at issue. We hold they are not. The second issue is whether petitioners are entitled to a deduction for certain automobile expenses they claimed for 2008 with respect to the rental real estate activity. We hold they are not. The final issue is whether petitioners failed to include in income certain interest payments. We hold they did.

---

[2]All amounts are rounded to the nearest dollar.

[3]Respondent also determined that petitioners were not entitled to a deduction for car and truck expenses claimed with respect to a residential home care business for each year at issue and claimed with respect to a realtor business for 2008. Petitioners had the burden of proof for these adjustments and failed to produce evidence or address these adjustments at trial; therefore, the adjustments are deemed conceded. See Rule 149(b). Some other issues are computational and need not be addressed.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with the attached exhibits, are incorporated herein by this reference. Petitioners resided in California when the petition was filed.

During the years at issue petitioners owned and operated a residential home care facility (nursing home). Mr. Daco helped take care of the nursing home residents. Mr. Daco also worked as a realtor during this same time. Mrs. Daco was a registered nurse and worked two full-time jobs in that capacity during the years at issue. She would also on occasion help with the nursing home residents.

Petitioners together owned four rental properties (rental properties) during the years at issue. Three of the rental properties were located in Nevada, and the fourth was in California. Petitioners used a management company to provide certain services for the rental properties in Nevada. Petitioners elected to treat the rental properties as a single activity (rental real estate activity) under section 469(c)(7)(A) and section 1.469-9(g), Income Tax Regs., for the years at issue.

Petitioners timely filed joint Federal income tax returns for the years at issue. On their 2008 return petitioners claimed a rental real estate loss deduction of $51,387, and on their 2009 return they claimed a rental real estate loss

deduction of $63,593. Petitioners' adjusted gross income without the claimed loss deduction from the rental real estate activity exceeded $150,000 for each year at issue. On their 2008 return petitioners also claimed a $1,388 deduction for car and truck expenses that they purportedly incurred in the rental real estate activity. Third-party payors reported on Forms 1099-INT, Interest Income, that petitioners were paid interest totaling $77 for 2009. Petitioners reported on their return for 2009 only $38 of the interest reflected on the Forms 1099-INT.

Respondent issued a notice of deficiency disallowing deductions for the claimed rental real estate losses and part of the deductions claimed for the car and truck expenses.[4] Respondent also adjusted petitioners' income upward for interest the third-party payors reported on Forms 1099-INT but that petitioners failed to report on their return. Petitioners timely filed a petition with this Court challenging the determinations.

## Discussion

## I. Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving it incorrect. See Rule

---

[4]Respondent also made several other determinations that have been conceded. See supra note 3.

142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to any deductions claimed.  See <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Petitioners do not argue that the burden of proof shifts to respondent pursuant to section 7491(a), nor have they shown that the threshold requirements of section 7491(a) have been met.  Accordingly, the burden of proof remains with petitioners.

II.  <u>Passive Activity Losses</u>

We must decide whether the passive activity loss limitation rules preclude petitioners from deducting the losses from the rental real estate activity for the years at issue.  Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212.  However, section 469 generally disallows the deduction of any passive activity loss.  A passive activity loss is defined as the excess of the aggregate losses from all passive activities for that year over the aggregate income from all passive activities for the year.  Sec. 469(d)(1).  A passive activity is any trade or business in which the taxpayer does not materially participate.  Sec. 469(c)(1).

Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2). However, the rental activities of a taxpayer who is a real estate professional under section 469(c)(7)(B) are not treated as per se passive activities. Sec. 469(c)(7)(A)(i).

To qualify as a real estate professional, a taxpayer must satisfy both of the following requirements:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B). For couples filing "a joint return, the requirements of the preceding sentence are satisfied if and only if either spouse separately satisfies such requirements." Id. Section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), sets forth the requirements necessary to establish the taxpayer's hours of participation as follows:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of

time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

Although "reasonable means" may be interpreted broadly, "a postevent 'ballpark guesstimate'" will not suffice. Moss v. Commissioner, 135 T.C. 365, 369 (2010) (citing Bailey v. Commissioner, T.C. Memo. 2001-296, and Goshorn v. Commissioner, T.C. Memo. 1993-578).

Even if taxpayers fail to qualify as real estate professionals under section 469(c)(7) and must therefore treat losses from their rental activities as passive activity losses, they may still be eligible to deduct a portion of their losses under section 469(i)(1). Section 469(i) provides a limited exception to the general rule that passive activity losses are disallowed. A taxpayer who actively participates in a rental real estate activity may deduct a loss of up to $25,000 per year related to the activity. The deduction is phased out as adjusted gross income, modified by section 469(i)(3)(F), exceeds $100,000, with a full phaseout occurring when modified adjusted gross income equals $150,000. Sec. 469(i)(3)(A).

Petitioners contend that Mr. Daco satisfies the real estate professional requirements under section 469. Petitioners offered summaries and the testimony of Mr. Daco to show that Mr. Daco spent over 750 hours performing services in the rental real estate activity for the years at issue. The summaries were not

prepared contemporaneously but rather were prepared in preparation for trial. Additionally, a substantial amount of the hours included in the summaries and used to show that Mr. Daco spent more than 750 hours in the rental real estate activity is not corroborated by supporting documentation. Given these circumstances, we find the summaries untrustworthy and do not accept them. As for Mr. Daco's testimony, we find much of it to be questionable, uncorroborated, and self-serving. We are not required to accept such testimony, and we do not rely on that testimony to support his position herein. See Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986); see also Chapman Glen Ltd. v. Commissioner, 140 T.C. __, __ (slip op. at 45 n.24) (May 28, 2013). Petitioners failed to otherwise establish through reasonable means that Mr. Daco spent at least 750 hours for each year at issue performing services in the rental real estate activity.[5]

As for the active participation exception to the passive loss rules, it is irrelevant because the $25,000 amount begins to phase out when the taxpayer's adjusted gross income, determined without regard to any passive activity loss, exceeds $100,000 and is phased out entirely when the taxpayer's adjusted gross income reaches $150,000. Sec. 469(i)(3)(A), (F)(iv). Without the passive activity

---

[5]Petitioners have never contended that Mrs. Daco satisfies the real estate professional requirements, nor does the record establish that she met those requirements for the years at issue.

losses they deducted, petitioners' adjusted gross income for each year at issue exceeded $150,000. See Moss v. Commissioner, 135 T.C. at 371-372. Therefore, they are not entitled to deduct any passive activity losses under section 469(i)(3).

III. Automobile Expenses

We now turn to whether respondent properly disallowed certain automobile expense deductions petitioners claimed with respect to the rental real estate activity for 2008. It bears repeating that deductions are a matter of legislative grace, and the taxpayer must prove he is entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Pursuant to section 274(d), however, automobile expenses otherwise deductible as a business expense will be disallowed in full unless the taxpayer satisfies strict substantiation requirements.[6] The taxpayer must substantiate the automobile expenses by adequate records or other corroborating

---

[6]If a factual basis exists to do so, the Court may in another context approximate an allowable expense, bearing heavily against the taxpayer who failed to maintain adequate records. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930) (Cohan rule); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). However, sec. 274(d) overrides the Cohan rule with respect to sec. 280F(d)(4) "listed property" and thus specifically precludes the Court from allowing a deduction for automobile expenses on the basis of any approximation or the taxpayer's uncorroborated testimony.

evidence of items such as the amount of the expense, the time and place of the automobile's use, and the business purpose of its use. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); Rasmussen v. Commissioner, T.C. Memo. 2012-353.

To satisfy the adequate records requirement of section 274(d), a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element" and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

In lieu of substantiating the actual amount of any expenditure relating to the business use of a passenger automobile, a taxpayer may use a standard mileage rate as established by the Internal Revenue Service. See sec. 1.274-5(j)(2), Income Tax Regs. The use of the standard mileage rate establishes only the amount deemed expended with respect to the business use of a passenger automobile. Id. The taxpayer must still establish the amount (i.e., business mileage), the time, and the business purpose of each use. Id.

Petitioners did not maintain a contemporaneous mileage log for the rental real estate activity. And petitioners did not offer any other credible evidence to establish the number of miles traveled or the date, place, and business purpose of the travel. To be sure, petitioners did offer summaries, prepared in preparation for trial, of the mileage Mr. Daco purportedly drove to perform services in the rental real estate activity. Section 274(d) requires any record to be supported by documentary evidence and a noncontemporaneous record to be supported by evidence with a "high degree of probative value". Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra. A substantial amount of the mileage petitioners claimed is not supported by documentary evidence, nor is it corroborated by highly probative evidence. We find the summaries untrustworthy and do not accept them. Petitioners failed to otherwise substantiate with adequate records the car and truck

expense deductions claimed with respect to the rental real estate activity. Consequently, we sustain respondent's determination disallowing part of the deduction for those claimed expenses.

## IV. Unreported Interest Income

Finally, we address respondent's determination that petitioners failed to include $39 of taxable interest in income. As previously mentioned, generally, a taxpayer bears the burden of proving the Commissioner's determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. at 115. The U.S. Court of Appeals for the Ninth Circuit has held that the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity or otherwise demonstrate that the taxpayer received unreported income, for the presumption of correctness to attach to the deficiency determination in unreported income cases. Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). If the Commissioner introduces evidence demonstrating that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency determination was arbitrary or erroneous. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

Respondent introduced into evidence a computer-generated "Wage and Income Transcript" showing data from all the information returns that the IRS received for 2009 with respect to petitioners.[7] The Wage and Income Transcript reflects that respondent received from third-party payors Forms 1099-INT reporting that petitioners were paid interest totaling $77 for 2009. Petitioners reported only $38 of interest income for 2009. The Court asked Mr. Daco whether he received the $39 of unreported interest income reflected on the Wage and Income Transcript, and Mr. Daco did not dispute that he received it. We find that respondent sufficiently established an evidentiary foundation with respect to the $39 in unreported interest income for 2009. Consequently, petitioners bear the burden of proving that respondent's determinations were arbitrary or erroneous. See Weimerskirch v. Commissioner, 596 F.2d at 361-362.

Petitioners did not forward any arguments or present any evidence at trial to show that respondent's determination regarding the unreported interest income for 2009 was arbitrary or erroneous. And as previously mentioned, Mr. Daco did not

---

[7]If a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary by a third party and the taxpayer has fully cooperated with the Secretary, the Secretary shall have the burden of producing reasonable and probative information concerning the deficiency in addition to that information return. Sec. 6201(d). We note that sec. 6201(d) is inapplicable here because the Wage and Income Transcript is not an information return.

dispute, when asked by the Court, that he received the unreported interest income. Accordingly, we sustain respondent's determination.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.