T.C. Memo. 2014-16

UNITED STATES TAX COURT

SYDNEY JAY HALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10670-12.                    Filed January 27, 2014.

<u>Sydney Jay Hall</u>, pro se.

<u>Timothy A. Froehle</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a $47,402[1] deficiency in

petitioner's Federal income tax and a $9,480 accuracy-related penalty under

---

[1]All amounts are rounded to the nearest dollar.

[*2] section 6662(a)$^2$ for 2008.  There are three issues for decision.  The first issue is whether petitioner underreported his income.  The second issue is whether petitioner is entitled to deduct certain claimed "travel" and "other business expenses" totaling $63,542.  The final issue is whether petitioner is liable for the accuracy-related penalty.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts, together with the attached exhibits, are incorporated herein by this reference.  Petitioner resided in California when he filed the petition.

Petitioner is a practicing attorney admitted to the bar of this Court.  For 2008 petitioner filed an individual income tax return that included a Schedule C, Profit or Loss From Business, for his law practice.  On the Schedule C petitioner reported expenses for "travel" totaling $3,748 and "other expenses" totaling $59,794.

During the examination of petitioner's return for 2008, respondent requested petitioner's books and records for all his business activities.  Petitioner failed to provide complete documentation; as a result, respondent summoned

---

$^2$All section references are to the Internal Revenue Code for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*3] petitioner's deposit records for his known bank accounts. Using the summoned bank records, respondent prepared a bank deposits analysis to reconstruct petitioner's income. Respondent reduced the total deposits by income petitioner had reported and known nontaxable deposits.

On the basis of his bank deposits analysis, respondent issued petitioner a deficiency notice, determining that petitioner had underreported his income by $76,781. Respondent also disallowed for lack of substantiation the deductions claimed on Schedule C for "travel" and "other expenses" and determined that petitioner was liable for the accuracy-related penalty.

Petitioner filed a petition with this Court challenging respondent's determinations.

OPINION

I. Unreported Income

Respondent determined in the deficiency notice that petitioner failed to report $76,781 of income. Respondent conceded on brief that $15,767 of this amount is excludable from petitioner's income. Accordingly, we must decide whether petitioner failed to report income of $61,014.

**[\*4]**   A.  Burden of Proof

Generally, a taxpayer bears the burden of proving the Commissioner's determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, in cases of unreported income, the Court of Appeals for the Ninth Circuit, to which an appeal in this case would ordinarily lie, requires that the Commissioner provide a minimal evidentiary foundation connecting the taxpayer with the unreported income before the presumption of correctness attaches to the Commissioner's determination.  See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97; Weimerskirch v. Commissioner, 596 F.2d 358, 360-361 (9th Cir. 1979), rev'g 67 T.C. 672 (1977); Petzoldt v. Commissioner, 92 T.C. 661, 687-691 (1989).  Once the Commissioner has met this initial burden, the taxpayer must establish by a preponderance of the evidence that the Commissioner's determination is arbitrary or erroneous.  See Hardy v. Commissioner, 181 F.3d at 1004.

As explained more fully below, we find that respondent has introduced sufficient evidence connecting petitioner with the unreported income through his bank deposits analysis to meet his initial burden of production.  Accordingly, petitioner must prove by a preponderance of the evidence that the unexplained deposits of $61,014 do not constitute taxable income.

**[\*5]**  B.  <u>Bank Deposits Analysis</u>

If a taxpayer has not maintained business records or the taxpayer's business records are inadequate, the Commissioner is authorized to reconstruct the taxpayer's income by any method that, in the Commissioner's opinion, clearly reflects that taxpayer's income.  Sec. 446(b); <u>Parks v. Commissioner</u>, 94 T.C. 654, 658 (1990); <u>A.J. Concrete Pumping, Inc. v. Commissioner</u>, T.C. Memo. 2001-42.  The Commissioner's reconstruction need not be exact, but it must be reasonable in the light of all the surrounding facts and circumstances.  <u>A.J. Concrete Pumping, Inc. v. Commissioner</u>, T.C. Memo. 2001-42.

The use of the bank deposits method of income reconstruction has long been sanctioned by the courts.  <u>DiLeo v. Commissioner</u>, 96 T.C. 858, 867 (1991), <u>aff'd</u>, 959 F.2d 16 (2d Cir. 1992).  Bank deposits are prima facie evidence of income.  <u>Id.</u> at 868.  The bank deposits method assumes that all money deposited in a taxpayer's bank account during a given period constitutes taxable income. <u>Price v. United States</u>, 335 F.2d 671, 677 (5th Cir. 1964).  When the bank deposits method is employed, however, the Commissioner must take into account any nontaxable source or deductible expense of which he has knowledge.  <u>Id.</u>

Respondent conducted a bank deposits analysis to reconstruct petitioner's income for 2008.  The analysis shows that petitioner received $61,014 of

[*6] unreported income for 2008.  Petitioner contends the unexplained deposits were from nontaxable advances he received.  Petitioner, however, has not provided any documentation or other credible evidence supporting his contention.  He instead relies on his own self-serving and uncorroborated testimony.  We are not required to accept such testimony and will not do so here.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  We find that petitioner has failed to establish that the unexplained deposits were nontaxable.  Accordingly, we find that petitioner failed to report income of $61,014 for 2008.

II.  Disallowed Deductions

In addition to the receipt of the unreported income, respondent determined that petitioner overstated business expense deductions for 2008.  Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving he is entitled to the deductions claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 162(a) provides that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

**[\*7]** Items described in section 274(d) are subject to strict substantiation rules. No deduction shall be allowed for, among other things, traveling expenses, entertainment expenses, gifts, and expenses with respect to listed property (including passenger automobiles) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) the amount of the expense or other item; (2) the time and place of the travel, entertainment, or use, or date and description of the gift; (3) the business purpose of the expense or other item; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained. Id.

When a taxpayer establishes that he paid or incurred a deductible expense but does not establish the amount of the expense, we may estimate the amount of the expense, bearing heavily against the taxpayer who failed to maintain adequate records. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957). We may not use the Cohan doctrine, however, to estimate expenses

**[\*8]** covered by section 274(d).  See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).

Petitioner argues that he is entitled to deduct the travel expenses and the other business expenses he reported on Schedule C.  He testified about some of those business expenses at trial.  However, he did not maintain any books or records for his business activities and failed to introduce receipts, invoices, bills, canceled checks, or other items proving he paid the relevant business expenses.  While respondent introduced petitioner's bank statements to support his bank deposits analysis, the record does not reflect that any of petitioner's accounts were used exclusively for his business activities, and he offered no testimony as to how the bank statements substantiated or were linked to the relevant business expenses he claimed.  We will not sift through petitioner's bank statements to attempt to match the evidence to respondent's adjustments.  That is petitioner's job.  See Hale v. Commissioner, T.C. Memo. 2010-229.  Accordingly, all that petitioner offers to substantiate the travel expenses and the other business expenses is his own self-serving and unverified testimony.  As previously mentioned, we are not required to accept such testimony.  See Tokarski v. Commissioner, 87 T.C. at 77. We find that petitioner has failed to meet his burden to substantiate his entitlement

**[*9]** to deduct the travel expenses and other business expenses. We therefore sustain respondent's determination disallowing deductions for those expenses.

III.  Accuracy-Related Penalty

We now turn to the accuracy-related penalty respondent determined. Section 6662(a) and (b)(i) imposes a 20% accuracy-related penalty on the portion of any underpayment attributable to negligence or disregard of rules or regulations. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to maintain adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

Under section 7491(c), respondent bears the burden of production with respect to petitioner's liability for any accuracy-related penalty. To meet this burden, respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once respondent sustains his burden of production, however, petitioner bears the burden of proving that the penalty is unwarranted by establishing an affirmative defense such as reasonable cause or substantial authority. See id. at 446-447.

**[*10]** Petitioner's failure to keep and produce documentation substantiating his income and expenses supports the imposition of the accuracy-related penalty for negligence for 2008.[3]

The accuracy-related penalty is not imposed with respect to any portion of the underpayment of tax if the taxpayer can establish that he acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner did not address his liability for the accuracy-related penalty at trial or on brief, except for a single sentence in his answering brief stating that he is not liable for the accuracy-related penalty. Moreover, the record does not otherwise reflect that petitioner acted with reasonable cause and in good faith. Accordingly, we find petitioner liable for the section 6662(a) and (b)(1) penalty for 2008 as commensurate with respondent's concessions and our holding.

---

[3]Respondent alternatively determined that petitioner's underpayment for 2008 was attributable to a substantial understatement of income tax. See sec. 6662(a), (b)(2). We need not address this ground for imposing the accuracy-related penalty because of our holding that petitioner's underpayment is attributable to negligence or disregard of rules or regulations and because only one accuracy-related penalty may be imposed with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in sec. 6662(b). See sec. 1.6662-2(c), Income Tax Regs.

**[\*11]**   In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.