Cathy Miller HARDY, Petitioner–
Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 97–71097.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1998.

Submission Vacated Nov. 9, 1998.

Resubmitted June 10, 1999.

Filed July 2, 1999

William P. Koontz, Cottage Grove, Oregon, for the petitioner-appellant.

Robert L. Baker, Tax Division, United States Department of Justice, Washington, D.C., for the respondent-appellee.

Before: SCHROEDER and THOMAS, Circuit Judges, and MOSKOWITZ,[1] District Judge.

THOMAS, Circuit Judge:

Cathy Hardy appeals a decision of the United States Tax Court, which affirmed the Internal Revenue Service's ("IRS") assessment of tax deficiency against her. On appeal, Hardy challenges the Tax Court's allocation and application of the burden of proof as well as the Tax Court's application of the so-called innocent spouse provisions of the Internal Revenue Code. We affirm.

I

In 1981, Cathy Miller married Ray Hardy, and they have resided in Nevada, a community property state, for the duration of their marriage. Cathy and Ray Hardy

---

1. The Honorable Barry T. Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

both had been previously married to other people and both had children from their previous marriages. In 1995, the IRS sent Hardy a notice of income tax deficiency for 1981, 1982, 1983, 1984, 1985, and 1986 as set forth in the following table:

| Year | Tax Deficiency | 26 U.S.C. § 6651(a)(1) Penalty | 26 U.S.C. § 6654 Penalty |
|------|------|------|------|
| 1981 | 10,369.00 | 2,592.00 | 794.00 |
| 1982 | 10,090.00 | 2,523.00 | 982.00 |
| 1983 | 9,580.00 | 2,395.00 | 586.00 |
| 1984 | 2,064.00 | 516.00 | 130.00 |
| 1985 | 2,059.00 | 515.00 | 118.00 |
| 1986 | 2,245.00 | 561.00 | 100.00 |

The IRS based the notice of tax deficiency on Hardy's earnings, as well as one-half of Mr. Hardy's earnings, which it considered Hardy's community property.

In August 1995, Hardy brought suit against the Commissioner of the IRS in the United States Tax Court challenging the assessment. Before trial, the Commissioner stipulated that Hardy did not owe any taxes for 1981, 1982, or 1986 and that she did not owe any taxes based on her own earnings. Hardy stipulated that she had married Mr. Hardy in 1981 and that they had lived in Nevada together for the majority of their marriage. The parties stipulated that the IRS received income statements for Mr. Hardy for the years 1983, 1984, 1985, and 1986, although Hardy did not stipulate that the amounts reported were correct. The parties also agreed that the IRS had no record of Hardy filing a tax return for the years at issue. The amounts that were at issue at trial, based on Hardy's community property share of Mr. Hardy's income, are represented in the following table:

| Year | Tax Deficiency | 26 U.S.C. § 6651(a)(1) Penalty | 26 U.S.C. § 6654 Penalty |
|------|------|------|------|
| 1983 | 5,277.00 | 641.00 | 114.00 |
| 1984 | 1,331.00 | 100.00 | 3.00 |
| 1985 | 2,059.00 | 515.00 | 118.00 |

At trial, the Hardys testified that they had an oral contract to keep their respective property separate. The Tax Court found the testimony to be uncredible and, after making findings of fact and conclusions of law, approved the following tax deficiency assessments against Hardy:

| Year | Tax Deficiency | 26 U.S.C. § 6651(a)(1) Penalty | 26 § 6654 Penalty |
|------|------|------|------|
| 1983 | 5,257.00 | 636.00 | 114.00 |
| 1984 | 1,331.00 | 100.00 | 3.00 |
| 1985 | 2,059.00 | 575.00 | 118.00 |

We have jurisdiction pursuant to 26 U.S.C. § 7482, and review the Tax Court's findings of fact for clear error and conclusions of law *de novo*. *See Estate of Rapp v. Commissioner*, 140 F.3d 1211, 1215 (9th Cir.1998) (as amended).

## II

Under the facts of this case, the Tax Court correctly allocated the burden of proof regarding Hardy's deficiency to the Commissioner for tax year 1983 and to Hardy for tax years 1984 and 1985. The Commissioner does not challenge the Tax Court's determination that the IRS had the burden of proof for 1983. At issue in this appeal is the burden of proof for tax years 1984 and 1985.

██ Generally, a presumption of correctness attaches to notices of deficiency in the Tax Court. *See Palmer v. United States Internal Revenue Serv.*, 116 F.3d 1309, 1312 (9th Cir.1997); *Rapp v. Commissioner*, 774 F.2d 932, 935 (9th Cir. 1985); *Delaney v. Commissioner*, 743 F.2d 670, 671 (9th Cir.1984). For the presumption to apply, however, the Commissioner must base the deficiency on some substantive evidence that the taxpayer received unreported income. *See id.; see also United States v. Janis*, 428 U.S. 433, 442, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976) (holding that the presumption does not apply when the IRS makes a naked assessment without foundation). If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous.

*See Rapp,* 774 F.2d at 935. If the petitioner succeeds in showing that the deficiency was arbitrary or erroneous, the burden shifts back to the Commissioner to show that the assessment was correct. *See Palmer,* 116 F.3d at 1312; *Keogh v. Commissioner,* 713 F.2d 496, 501 (9th Cir. 1983).

■ Thus, the Commissioner only needed to present some substantive evidence that Hardy received income in 1984 and 1985 in order to shift the burden to Hardy. To that end, the Commissioner introduced worksheets calculating the amount of tax owed by Hardy based on income statements that the IRS had received from Mr. Hardy's employer and his bank. Further, Hardy stipulated before trial that the IRS had received income statements regarding Mr. Hardy's income from his employer during the years in question, therefore relieving the Commissioner of the necessity to introduce the income statements at trial. Finally, Hardy stipulated that she had been married to Mr. Hardy during the years in question and that they had lived in Nevada. Based on these stipulations, the fact that Nevada is a community property state, and the fact that spouses in community property states generally are responsible for one-half of their spouses' earnings, the notice of tax deficiency for the years 1984 and 1985 was presumptively correct.[2] Thus, Hardy's argument that the Commissioner failed to sufficiently link her to the unreported income fails.

Hardy argues that the presumption of correctness should not apply because this case involves unreported income, relying on *Weimerskirch v. Commissioner,* 596 F.2d 358 (9th Cir.1979), *Portillo v. Commissioner,* 932 F.2d 1128 (5th Cir.1991), and *Anastasato v. Commissioner,* 794 F.2d 884 (3d Cir.1986). First, we note that *Weimerskirch* involved unreported "illegal" income. *See* 596 F.2d at 361–62. But even if we were to extend *Weimerskirch* to all unreported income cases as the Third and Fifth Circuits have done, the exception only applies when the Commissioner has failed to provide any evidentiary foundation for the deficiency notice. *See id.* at 362 ("A deficiency determination which is not supported by the proper foundation of substantive evidence is clearly arbitrary and erroneous."). Here, because Mr. Hardy's employer reported his income to the IRS, the Commissioner satisfied the foundational requirements.

■ Hardy also contends that because the Commissioner stipulated before trial that its assessments were incorrect for 1981, 1982, and 1986, the Commissioner should lose the presumption as to its assessments for 1983, 1984, and 1985. A concession that assessments were incorrect for some years does not bind the Commissioner concerning disputed assessments in other years. *See United States Holding Co. v. Commissioner,* 44 T.C. 323, 328, 1965 WL 1165 (1965); *Mensik v. Commissioner,* 37 T.C. 703, 725, 1962 WL 1369 (1962) (holding that it would contravene "justice and common sense" to rule that if the Commissioner conceded or stipulated to certain facts, it would do so "at the jeopardy of having the burden of the opposing party as to remaining matters shift to himself"); *Gobins v. Commissioner,* 18 T.C. 1159, 1168–69, 1952 WL 270 (1952) (same), *aff'd,* 217 F.2d 952 (9th Cir. 1954); *see also Keogh v. Commissioner,* 713 F.2d 496, 502 (9th Cir.1983) (stating that a reduction in deficiency by the court did not deprive the remaining assessment of a rational basis). If we were to hold otherwise, the Commissioner would have a disincentive to stipulate to certain issues before trial, a result that we do not endorse.[3]

---

**2.** Recently, Congress made two substantive statutory changes concerning the presumption of correctness accorded notices of tax deficiencies: the addition of 26 U.S.C. § 6201(d) in 1996 and the addition of 26 U.S.C. § 7491 in 1998. However, neither is relevant to this appeal.

**3.** Hardy also argues that the burden was on the Commissioner and cites to Tax Court Rule

## III

At trial, Hardy's primary argument was that the deficiency was erroneous because it included taxes based on income purportedly earned by Mr. Hardy, income she alleges that she did not receive. She argued that she and Mr. Hardy agreed upon marriage to manage their finances separately.

■ This argument is unavailing because Nevada is a community property state. *See* Nev.Rev.Stat. § 123.220 (1997). In *United States v. Mitchell*, the Supreme Court stated that a spouse in a community property state is liable for tax on one-half of all income received by the other spouse during the marriage. *See* 403 U.S. 190, 196, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971). The Court reasoned that because tax liability is a matter of ownership and ownership is determined by state law, spouses in community property states have a vested interest in one-half of all income earned during the marriage. *See id.* at 195; *see also Edwards v. Commissioner*, 680 F.2d 1268, 1271 (9th Cir.1982) (citing *Mitchell* and stating that "[a] married individual is taxable on the earnings of his or her spouse to the extent that the laws of the state of residence grants the individual a vested property or ownership interest in the spouse's earnings").

■ A Nevada spouse's interest in community property is "present, existing, and equal." Nev.Rev.Stat. § 123.225 (1997). Under Nevada law, property acquired during marriage is presumed to be community property, and the presumption can be rebutted only by clear and convincing evidence. *See Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 918 P.2d 314, 318 (1996); *Pryor v. Pryor*, 103 Nev. 148, 734 P.2d 718, 719 (1987). Further, "the opinion of the spouses as to whether the property was separate is of no weight whatever." *Peters v. Peters*, 92 Nev. 687, 557 P.2d 713, 716 (1976).

The Hardys were married in Nevada, and Mr. Hardy worked and earned income during their marriage in Nevada. Therefore, under *Mitchell*, Hardy is liable for federal income tax on one-half of Mr. Hardy's income unless she can show that one of Nevada's exceptions apply by clear and convincing evidence.

Nevada recognizes four exceptions to the presumption of community property, which are: (1) an agreement in writing between the spouses, which is effective only between them, (2) a decree of separate maintenance issued by a court of competent jurisdiction; (3) a written agreement from one spouse to another to permit that spouse to maintain his or her own earnings; (4) a court decree or an agreement to divide property when one spouse is institutionalized. *See* Nev.Rev.Stat. § 123.220 (1997).

■ None of the exceptions is at issue here. Hardy only presented evidence that she and Mr. Hardy had an oral agreement and kept their property separate. These facts, even if proven, are legally insufficient under Nevada law.[4] Because Hardy

142(d). Rule 142(d) states that the Commissioner has the burden to show that a petitioner is liable for taxes as a transferee of property. *See* Tax Court R. 142(d). This provision does not apply because Nevada's community property laws grant each spouse a one-half vested interest in the other spouse's income upon receipt. *See* Nev.Rev.Stat. §§ 123.220, 123.225 (1997). Thus, Mr. Hardy did not "transfer" his income to Hardy, she owned it upon receipt by Mr. Hardy.

4. Under Nevada law, agreements between spouses regarding property are not effective against third party creditors unless recorded.

*See* Nev.Rev.Stat. §§ 123.220, 123.280, 123.290, 123.300 (1997). Moreover, the Tax Court found that Hardy failed to prove the existence of an oral contract by the requisite clear and convincing evidence. Indeed, the Tax Court found that Hardy and her witnesses were uncredible, presented contradicting evidence, and that the testimony did not establish the existence of an oral agreement. The court specifically referenced: (1) Mr. Hardy's testimony at a deposition that there was no agreement between he and Hardy to maintain their property separately, (2) Hardy's testimony that she knew Mr. Hardy had income

failed to show that the 1984 and 1985 notices of tax deficiency were arbitrary or erroneous, we affirm the deficiencies as determined by the Tax Court.

For similar reasons, the Tax Court's findings as to the 1983 tax deficiencies were correct. The Commissioner met its burden of proving the 1983 tax deficiency by introducing evidence of the IRS's calculations based on income statements received from Mr. Hardy's employer and his bank, along with Hardy's stipulation that the IRS had received income statements regarding Mr. Hardy's earnings. Because the only evidence Hardy introduced was evidence of an oral agreement, the Tax Court correctly held that Hardy owed taxes in the amount assessed by the IRS for tax year 1983.

## IV

Hardy does not qualify for the "innocent spouse provisions" enacted to protect spouses in community property states. *See* 26 U.S.C. § 66. Section 66 of the Internal Revenue Code contains three provisions by which a spouse living in a community property state may be able to avoid paying income tax on the other spouse's income or earnings if that spouse did not receive the benefit of the community income.[5]

■ Subsection (b) allows the Secretary of the Treasury to charge a community state taxpayer the tax on his or her entire income if he or she "acted as if solely entitled to such income and failed to notify [his or her] spouse" of the income prior to the due date for filing taxes for that tax year. *See id.* § 66(b). Section 66(b) is applicable to taxable years after December 31, 1984. *See* The Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 424(c) (1984). Therefore, Hardy cannot

qualify for innocent spouse protection for tax years 1983 and 1984 under § 66(b). In addition, by its plain language, subsection (b) is not a relief provision, but one that gives the Secretary the discretion to disallow a community property taxpayer from taking advantage of community property laws to the detriment of the taxpayer's spouse. Thus, subsection (b) does not afford Hardy an "innocent spouse" remedy for tax year 1985.

Subsection (c) of § 66 provides tax relief for an innocent spouse if the following criteria are met:

(1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein ..., (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income....

26 U.S.C. § 66(c).

■ The Tax Court held that subsection (c) was inapplicable because Hardy knew or "had reason to know" of the income earned by Mr. Hardy. "[A] spouse's unawareness of the exact amount of an item of community income is not determinative of knowledge for purposes of § 66(c); knowledge of an 'item of community income' is determined with reference to knowledge of a particular income-producing activity." *McGee v. Commissioner*, 979 F.2d 66, 70 (5th Cir.1992). Because Hardy was aware that Mr. Hardy was employed and earning income, she had reason to know of the taxable income. *See id.; Roberts v. Commissioner*, 860 F.2d 1235, 1239–40 (5th Cir.1988). Thus, the

---

during the years in question, and (3) the Hardys testimony that Mr. Hardy used at least some of his income for joint household expenses.

**5.** Subsection (a) of § 66 applies when the spouses have been living apart. *See* 26 U.S.C. § 66(a). Because there is no evidence in the record that the Hardys lived apart, 26 U.S.C. § 66(a) does not apply.

Tax Court properly concluded that she did not qualify for innocent spouse treatment under § 66(c).

### V

The Tax Court properly allocated the burden of proof and applied the presumption of correctness to the IRS's notices of tax deficiencies. The Tax Court also correctly held that (1) Hardy had failed to prove she was entitled to an exception from Nevada's community property laws, and (2) she was not entitled to innocent spouse protection.

AFFIRMED.