**Marc S. FELDMAN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 03–74792.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Oct. 28, 2005.

---

** The Honorable Larry R. Hicks, United States District Court Judge for the District of Nevada, sitting by designation.

Raymond C. Dion, Esq., Stephen C. Mancini, Koletsky, Mancini, Feldman & Morrow, Los Angeles, CA, for Petitioner.

Charles S. Casazza, Clerk, U.S. Tax Court, Emily Ann Parker, Esq., Acting Chief Counsel Internal Revenue Service, Kenneth L. Greene, Esq., Samuel A. Lambert, U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: PREGERSON, CLIFTON, and BYBEE, Circuit Judges.

## MEMORANDUM *

The facts of this matter are known to the parties.

Feldman argues that the Tax Court erred by requiring him to carry the burden of proof and demonstrate his entitlement to equitable relief from tax liability as an innocent spouse under Internal Revenue Code Section 6015(f). Taxpayers seeking innocent spouse relief have the burden of demonstrating their eligibility for such relief. *See* Tax Court Rule 142(a)(1) ("The burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court...."); *Jonson v. Comm'r*, 118 T.C. 106, 113, 2002 WL 199830 (2002) ("Except as otherwise provided in section 6015, petitioners bear the burden of proof.").

Feldman relies on Internal Revenue Code Section 7491(a), which states that when there is a factual issue concerning a taxpayer's liability for a tax or penalty, the burden of proof shifts to the Internal Revenue Service ("IRS") once the taxpayer introduces credible evidence on the issue.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

I.R.C. § 7491(a) (2000). However, Feldman does not contest his legal liability for the tax in question, but rather seeks discretionary equitable relief from this liability. Therefore, on its face, Section 7491(a) is inapplicable.

Feldman also argues that the IRS must bear the burden of proof under Section 7491(c), which states that "the [IRS] shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." I.R.C. § 7491(c) (2000). However, Feldman is not before this Court challenging the IRS's imposition of a tax penalty; he seeks discretionary equitable relief from ordinary tax liability. His claim is therefore outside the scope of Section 7491(c) as well. The Tax Court therefore did not err by requiring Feldman to carry the burden of proof.

■ Feldman next argues that the burden of proof the IRS imposed on him in its Appeals Case Memorandum ("Opinion") was too stringent, and that the Tax Court erred as a matter of law by failing to so find. He supports this assertion by citing to the Opinion's reference to Feldman's failure to "conclusively corroborate[ ]" some of his arguments. This verbiage is typical of language used by the Tax Court to signify that a petitioner has not introduced sufficient corroborating evidence to compel the court to accept implausible, self-serving testimony that the court does not find credible standing on its own. *See, e.g., Han v. Comm'r*, 83 T.C.M.(CCH) 1824 (2002) ("We are not required to accept self-serving testimony, particularly where it is implausible and there is no persuasive corroborating evidence."). We are satisfied that the IRS applied the correct burden of proof in its Opinion.

■ Feldman further argues that the Tax Court erred by failing to conclude that

he satisfied the requirements of Revenue Procedure 2000–15, Section 4.02, which establishes circumstances under which equitable relief is usually granted. *See* Rev. Proc.2000–15 § 4.02, 2000–1 C.B. 447, *superseded by* Rev. Proc.2003–61 § 4.02, 2003–2 C.B. 296. We review factual findings of the Tax Court for clear error. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir.1999). The Tax Court found that Feldman had knowledge or reason to know that his tax obligations for 1996 and 1997 would not be paid. It further found that Feldman would not suffer economic hardship within the meaning of Treasury Regulations § 301.6343—1(b)(4) if equitable relief was not granted. The Tax Court also determined that all of the taxable income from the period in question was attributable to Feldman; none was deemed attributable to Mrs. Feldman. These findings are supported by the record, and they preclude Feldman from meeting the requirements of Revenue Procedure 2000–15.

Lastly, Feldman argues that the Tax Court erred by failing to conclude that he was entitled to equitable relief under Revenue Procedure 2000–15, Section 4.03 ("Section 4.03"). Section 4.03 provides a partial list of positive and negative factors to be taken into account when determining whether to grant equitable relief under Section 6015(f). *See* Rev. Proc.2000–15 § 4.03, 2000–1 C.B. 447, *superseded by* Rev. Proc.2003–61 § 4.03, 2003–2 C.B. 296. The Tax Court found three negative factors listed under Section 4.03:(1) that Feldman knew or should have known that his taxes would not be paid; (2) that all of the tax liability was attributable to Feldman; and (3) that Feldman would not suffer economic hardship if he was not granted equitable relief. The only positive factor the Tax Court found in favor of granting Feldman relief was that Feldman and Mrs.

Feldman had divorced. The Tax Court balanced these findings, decided that the three negative factors outweighed the one positive factor, and concluded that Feldman was not entitled to relief under Section 4.03. Each of the factual findings underlying this determination was supported by the evidence, and the Tax Court's consideration of the factors was proper.

The judgment of the Tax Court is AFFIRMED.