MEMORANDUM **
William R. Bailey appeals pro se from the tax court’s decision, after a bench trial, upholding the Internal Revenue Service Commissioner’s determination of a deficiency for tax year 1998, and imposing a penalty under 26 U.S.C. § 6673. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review the tax court’s factual findings for clear error and its legal conclusions de novo. Baizer v. Comm’r, 204 F.3d 1231, 1233-34 (9th Cir.2000). We affirm.
Contrary to Bailey’s contention, the notice of deficiency was valid because the Commissioner made an individual determination as to Bailey’s unreported income. See Scar v. Comm’r, 814 F.2d 1363, 1368 (9th Cir.1987) (“[T]he Commissioner must consider information that relates to a particular taxpayer before it can be said that the Commissioner has ‘determined’ a ‘deficiency’ in respect to that taxpayer.”).
The tax court properly upheld the determination because the Commissioner presented “some substantive evidence” that Bailey received unreported income, and Bailey failed “to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous.” Hardy v. Comm’r, 181 F.3d 1002, 1004 (9th Cir.1999).
The tax court did not abuse its discretion by imposing sanctions under 26 U.S.C. § 6673. See Wolf v. Comm’r, 4 F.3d 709, 716 (9th Cir.1993) (“When taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673.”).
Bailey’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.