T.C. Memo. 2010-190

UNITED STATES TAX COURT

YAIR ALONIM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28516-08.               Filed August 30, 2010.

Yair Alonim, pro se.

Halvor R. Melom, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION[1]

GERBER, Judge:  Respondent determined a $19,748 income tax

deficiency and a $3,950 accuracy-related penalty under section

---

[1]Petitioner filed his petition as a small tax case under the
provisions of sec. 7463(a).  Petitioner moved for removal of that
designation and the Court granted his motion.  Unless otherwise
indicated, all section references are to the Internal Revenue
Code applicable to the period under consideration.

6662(a) for petitioner's 2006 tax year.  The issues presented for our consideration are whether petitioner is required to report certain interest income for 2006 and whether petitioner is liable for a section 6662(a) penalty.

## FINDINGS OF FACT[2]

Petitioner maintained dual citizenship in the United States and Israel and at all times pertinent to this case resided in California, including the time his petition was filed.  During 2006 petitioner was retired, and his sources of income were interest on certificates of deposit (CDs) and Social Security benefits.  For 2006 petitioner reported $53,051 of interest and $4,748 of Social Security benefits as income.

During 2006 and in prior years, petitioner earned interest income by investing in CDs.  It was his practice to seek out the best possible interest rates.  He would move his money from institution to institution seeking more favorable rates at the end of the holding period of his current CDs.

The CDs were generally of 9- or 12-month duration.  The terms of the CDs provided for a penalty if funds were withdrawn before the maturity date of the certificate.  At the end of each calendar year accumulated interest was credited to the CD balance, and petitioner was sent notification in a Form 1099-INT,

---

[2]The parties' stipulation of facts and the exhibits are incorporated by this reference.

Interest Income, reflecting the interest that had accrued on his certificate. The accumulated interest that was credited to his CD account would then accrue interest in addition to the original principal. On occasions where petitioner withdrew his funds before maturity, he was penalized. On one such occasion (not during 2006), some of the institutions holding his CDs became unstable and appeared unable to meet their obligations. Petitioner was then forced to withdraw before maturity, and the early withdrawal penalty eliminated some portion of the accumulated interest that had been earned on the certificates.

For each year, including 2006, petitioner would report the amount reflected on the Forms 1099-INT only if the underlying CD had matured during that year. On the basis of that approach petitioner reported $53,051 of interest income for 2006. Conversely, respondent received notification of the issuance of Forms 1099-INT for petitioner reflecting interest in the total amount of $126,676 or a difference of $73,625 resulting in a $19,748 income tax deficiency for 2006.

A notice of deficiency was issued to petitioner, and he petitioned this Court.

OPINION

We consider whether petitioner was required to report the interest credited to his CD accounts even though, as he contends, they remained subject to a penalty for early withdrawal. Gross

income comprises all income including interest income.  Sec. 61(a)(4).  In some cases involving unreported income, the Commissioner must introduce evidence that reflects that a taxpayer received income that was not reported.  Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97.  Respondent introduced certified documents reflecting that the Internal Revenue Service had been informed that Forms 1099-INT had been issued to petitioner for the interest income that was not included on petitioner's 2006 tax return.  Accordingly, petitioner has the burden of showing that respondent's determination is in error.

There is no question that accrued interest was credited to petitioner's CD accounts as of the end of the 2006 calendar year. The only question petitioner raises is whether the potential for a penalty if the interest or principal had been withdrawn early is a restriction that would render the interest not subject to tax.  Petitioner's argument is addressed in section 1.451-2, Income Tax Regs.[3]  That regulation provides that a taxpayer is not in constructive receipt of income if the taxpayer's control of its receipt is subject to "substantial limitations or restrictions."  Sec. 1.451-2(a), Income Tax Regs.  In the case of interest, dividends, or other earnings on deposits in a bank or

---

[3]Neither party cited this regulation; we consider it because it bears on petitioner's argument and position in this case.

similar institution, section 1.451-2(a)(2), Income Tax Regs.,
provides that the following is not a substantial limitation or
restriction on the taxpayer's control over the receipt of such
earnings:

> The fact that the taxpayer would, by withdrawing
> the earnings during the taxable year, receive earnings
> that are not substantially less in comparison with the
> earnings for the corresponding period to which the
> taxpayer would be entitled had he left the account on
> deposit until a later date (for example, if an amount
> equal to three months' interest must be forfeited upon
> withdrawal or redemption before maturity of a one year
> or less certificate of deposit, time deposit, bonus
> plan, or other deposit arrangement then the earnings
> payable on the premature withdrawal or redemption would
> be substantially less when compared with the earnings
> available at maturity);

In other words, if the owner of a certificate of deposit with a
duration of a year or less would forfeit 3 months of interest
for an early withdrawal, the regulation might furnish protection
from constructive receipt of accrued but unwithdrawn interest.

Petitioner testified, in vague terms, about situations where
he was penalized for early withdrawal. He did not, however,
provide the terms reflecting the amounts of penalty for premature
withdrawal of the CDs under consideration. Accordingly, there is
no way for the Court to judge whether early withdrawal in this
case was subject to "substantial limitations or restrictions."

Petitioner did not withdraw principal or interest during
2006, and accordingly his CD accounts were credited with
accumulated interest unreduced by any penalty. There were no

penalties to petitioner for his 2006 tax year.  In the circumstances of this case petitioner is required to report all of the interest credited to his accounts for which Forms 1099-INT were issued.

Petitioner also alleges that he did not receive Forms 1099-INT for the $73,625 of interest that he failed to include on his 2006 tax return.  We find petitioner's allegations to be disingenuous and in conflict with the evidence before the Court.  The record reflects that the unreported portion of the interest ($73,625) is represented by 15 Forms 1099-INT.  Those Forms 1099-INT were issued by some of the same financial institutions as those for which petitioner did report interest.  Moreover, petitioner reported only approximately 42 percent of the total interest credited to his account during 2006 ($53,051 ÷ $126,676) and failed to report 58 percent of the interest earned ($73,625 ÷ $126,676).  For the 2006 taxable year, the interest from petitioner's CDs represented most of his income.  He carefully monitored the interest rates, maturity dates, and related matters throughout the year.  Applying his theory that interest was reportable only if there was no possibility of an early withdrawal penalty, he had to review each CD to make the decision to report only a portion of the interest credited to his account.  Petitioner's allegations that he did not receive or was not aware

of the interest are without any credibility and belie the reality of the circumstances.

Accordingly, we hold that petitioner was required and failed to report $73,625 of interest income for 2006. Having decided that the interest was taxable, we proceed to decide whether the section 6662(a) accuracy-related penalty applies to the resulting underpayment.

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20 percent on the portion of an underpayment attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 1.6662-3(b)(1), Income Tax Regs. Negligence is strongly indicated where a taxpayer fails to report income reflected on Forms 1099-INT. Id. There is a substantial understatement of income tax under section 6662(b)(2) if the amount of the understatement exceeds the greater of either 10 percent of the tax required to be shown on the return, or $5,000. Sec. 6662(a), (b)(1) and (2), (d)(1)(A); sec. 1.6662-4(a), Income Tax Regs.

The Commissioner bears the burden of production with respect to penalties. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the burden of production is met, the

taxpayer must come forward with evidence sufficient to show that the penalty does not apply.  Id. at 447.  Petitioner's understatement of income tax is $19,748.  The understatement exceeds the greater of 10 percent of the tax required to be shown or $5,000.  Thus, the understatement is substantial for purposes of section 6662(d)(1)(A), and respondent has met his burden of production.

Section 6664(c)(1) provides a defense to the section 6662 penalty for any portion of an underpayment where reasonable cause existed and the taxpayer acted in good faith.  Generally, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Petitioner's explanation of his failure to report accrued interest lacked credibility.  More important, petitioner did not seek advice and provided no evidence of the terms of the early withdrawal penalties to support his argument that the interest is not reportable.

We have also considered the volume of unreported income (more than 58 percent of the interest earned), and the possibility of an "honest mistake" or oversight is remote.  Under the circumstances, we hold that petitioner is liable for the section 6662(a) accuracy-related penalty on the entire underpayment.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.