**NOT FOR PUBLICATION**

FILED

DEC 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM J. LICHA; ALICIA T. LICHA, AKA Alicia Tovar, <br><br> Petitioners - Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent - Appellee. | No. 12-72170 <br><br> Tax Ct. No. 14382-08 <br><br> MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

William J. Licha and Alicia T. Licha, a.k.a. Alicia Tovar, appeal pro se from

the Tax Court's decision, entered after a bench trial, upholding the Commissioner

of Internal Revenue's deficiency determination and accuracy-related penalties for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

tax years 2001 through 2006. We have jurisdiction under 26 U.S.C. § 7482. We review de novo the Tax Court's legal conclusions and for clear error its findings of fact, *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir. 1995), and we affirm.

The Tax Court properly upheld the deficiency determination because the Commissioner presented "some substantive evidence" that the Lichas failed to report income and capital gains for the tax years at issue, and the Lichas did not submit any relevant evidence "showing that the deficienc[ies] w[ere] arbitrary or erroneous." *Hardy v. Comm'r*, 181 F.3d 1002, 1004-05 (9th Cir. 1999).

We reject as unsupported by law or evidence the Lichas' contentions that the Tax Court and the Internal Revenue Service ("IRS") have no authority to determine deficiencies, the IRS's failure to include "OMB Control Numbers" on various documents relieves the Lichas of their duty to pay federal income taxes, the IRS improperly denied their Freedom of Information Act requests, and the tax court judge was biased against them.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including any challenge to the Tax Court's accuracy-related penalties. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**