NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN HENRY BESAW, | No. 16-70264 |
| Petitioner-Appellant, | Tax Ct. No. 893-14 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

John Henry Besaw appeals pro se from the Tax Court's decision, following a

bench trial, upholding the Commissioner of Internal Revenue's determination of

deficiencies and penalties.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).

We review de novo the Tax Court's legal conclusions and for clear error its factual

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

findings. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court did not clearly err in determining that Besaw failed to produce sufficient evidence to demonstrate his entitlement to deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (taxpayer bears burden of showing right to claimed deduction). Contrary to Besaw's contention, the Tax Court did not err in failing to shift the burden of proof to the Commissioner. *See* 26 U.S.C. § 7491(a) (requirements for shifting burden of proof to Commissioner).

The Tax Court did not err by imposing penalties for Besaw's underpayment of tax due to his substantial understatement of income tax. *See* 26 U.S.C. § 6662(a), (b)(2) (authorizing penalty equal to 20% of the underpayment for, among other things, a substantial understatement of income tax); *id.* § 6662(d)(1)(A) (defining substantial understatement); *DJB Holding Corp. v. Comm'r*, 803 F.3d 1014, 1022 (9th Cir. 2015) (standard of review).

The Tax Court did not abuse its discretion in not admitting certain documents, including those created during the audit. *See Clapp v. Comm'r*, 875 F.2d 1396, 1403 (9th Cir. 1989) (tax court's determination of a tax deficiency is a de novo proceeding on the merits); *Sparkman*, 509 F.3d at 1156 (standard of review for evidentiary rulings).

We reject as unsupported by the record Besaw's contention that the Tax

Court erred in not granting his motion to dismiss for lack of jurisdiction.

**AFFIRMED.**