**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL C. CHRISTEN, | No. 16-72868 |
| Petitioner-Appellant, | Tax Ct. No. 16147-14 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted September 26, 2017**

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Michael C. Christen appeals pro se from the Tax Court's decision, following

a bench trial, upholding the Commissioner of Internal Revenue's determination of

deficiencies and penalties for the tax years 1999, 2000, and 2002. We have

jurisdiction under 26 U.S.C. § 7482(a). We review de novo conclusions of law and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for clear error questions of fact. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly upheld the deficiencies for tax years 1999, 2000, and 2002 because the Commissioner presented "some substantive evidence" that Christen failed to report income, and Christen failed to submit any relevant evidence, including establishing the existence of a settlement agreement, that the "deficiency was arbitrary or erroneous." *Id.* at 1004-05 (Commissioner's deficiency determination is presumptively correct, and it is incumbent on taxpayer to rebut the presumption by a preponderance of the evidence).

The Tax Court properly found that penalties under 26 U.S.C. §§ 6651(a)(1) and 6662 were appropriate for Christen's delinquent and understated taxes. *See* 26 U.S.C. § 6651(a)(1) (addition appropriate when taxpayer fails to file taxes unless such failure was due to reasonable cause and not due to willful neglect); *id.* § 6662(a), (d)(1) (authorizing penalty for substantial understatement of taxes when understatement exceeds the greater of ten percent of the tax required to be shown on the tax return or $5,000).

We reject as without merit Christen's contentions that the Commissioner engaged in spoliation of evidence.

**AFFIRMED.**

16-72868