NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC STEPHEN GERENCSER, | No. 17-70134 |
| Petitioner-Appellant, | Tax Ct. No. 8381-14 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted October 23, 2017**

Before:  LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Eric Stephen Gerencser appeals pro se from the Tax Court's decision,

following a bench trial, upholding the Commissioner of Internal Revenue's

determination of deficiencies and penalties for the tax years 2010 and 2011.  We

have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de novo conclusions of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law and for clear error questions of fact. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly determined that Gerencser was not entitled to the foreign tax credit for tax years 2010 and 2011 because Gerencser had not paid any foreign taxes, and he failed to establish that he had accrued any foreign tax liability. *See* 26 U.S.C. §§ 901, 905 (explaining the foreign tax credit). Contrary to Gerencser's contention, the Tax Court did not err in failing to shift the burden of proof to the Commissioner because Gerencser failed to provide credible evidence. *See id.* § 7491(a) (requirements for shifting burden of proof to Commissioner); *see also Hardy*, 181 F.3d at 1004-05 (describing the general burden of proof in deficiency cases).

The Tax Court properly determined that Gerencser was liable for accuracy-related penalties because Gerencser was negligent in claiming both the foreign tax credit and the foreign earned income exclusion, and he failed to establish reasonable cause and good faith. *See* 26 U.S.C. §§ 6662 (accuracy-related penalty imposed when underpayment is substantial or due to taxpayer's negligence); 26 U.S.C. § 6664(c)(1) (penalty should not be imposed for underpayment where reasonable cause and good faith are demonstrated); *see also Sparkman v. Comm'r*, 509 F.3d 1149, 1161 (9th Cir. 2007) (defining negligence as any failure to make a reasonable attempt to comply with the Internal Revenue Code).

17-70134

We reject as without merit Gerencser's contentions regarding his NATO wages, the preclusive effect of his tax case from tax year 2009, the applicability of the tax treaty between the United States and Germany, and whether he received due process.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**