**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD BREWSTER MAIN, | No. 17-71070 |
| Petitioner-Appellant, | Tax Ct. No. 20609-14 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Attorney Richard Brewster Main appeals pro se from the Tax Court's

decision, following a bench trial, upholding the Commissioner of Internal

Revenue's determination of deficiencies and penalties, after concessions, for tax

year 2009.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo the Tax Court's legal conclusions and for clear error its factual findings. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court did not clearly err in determining that Main failed to produce sufficient evidence to demonstrate his entitlement to further deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (taxpayer bears burden of showing sufficient evidence to substantiate a claimed deduction). Contrary to Main's contention, the Tax Court did not err in failing to shift the burden of proof to the Commissioner. *See* 26 U.S.C. § 7491(a) (requirements for shifting burden of proof to Commissioner after taxpayer produces credible evidence).

The Tax Court did not abuse its discretion in admitting into evidence Main's tax return and the notice of deficiency. *See* Fed. R. Evid. 901(a) (authentication requirement is satisfied by "evidence sufficient to support a finding that the item is what the proponent claims it is"); Fed. R. Evid. 901(b)(1) and (7) (authentication by witness testimony and evidence that document filed in a public office); *United States v. Pang*, 362 F.3d 1187, 1193 (9th Cir. 2004) (Rule 901 permits a court to admit evidence if sufficient proof has been introduced so that a trier of fact can find in favor of authenticity or identification); *Pahl v. Comm'r*, 150 F.3d 1124, 1132 (9th Cir. 1998) (no abuse of discretion where Tax Court admitted under Rule 901(b)(1) document authenticated by witness testimony as to the accuracy of the signature on the document); *see also Sparkman*, 509 F.3d at 1156 (standard of

17-71070

review for evidentiary rulings).  We reject as without merit Main's remaining evidentiary objections.

The Tax Court did not abuse its discretion in proceeding with the trial on the date set and limiting the trial to one day.  *See Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) (setting forth standard of review for trial management decisions and indicating that trial courts have broad authority to impose reasonable time limits on trials).

We reject as without merit Main's contentions regarding the computation of his tax deficiency pursuant to Tax Court Rule 155 and alleged due process violations.

**AFFIRMED.**