**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM A. LLANOS, | No. 20-70360 |
| Petitioner-Appellant, | Tax Ct. No. 9890-18 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted January 20, 2021**

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

William A. Llanos appeals pro se from the Tax Court's decision, after a

bench trial, upholding the Commissioner of Internal Revenue's determination of

income tax deficiencies and penalties for tax year 2014. We have jurisdiction

under 26 U.S.C. 7482(a)(1). We review de novo the Tax Court's legal conclusions

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and for clear error its factual findings. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because the Commissioner presented "some substantive evidence" that Llanos failed to report income, and Llanos did not demonstrate "that the deficiency was arbitrary or erroneous." *Id.* at 1004-05. We reject as meritless Llanos's contention that the Tax Court should have shifted the burden of proof to the Commissioner. *See id.*; *see also* 26 U.S.C. § 7491(a) (requirements for shifting burden of proof to Commissioner)

The Tax Court properly upheld the Commissioner's additions to taxes for Llanos's failure to file a valid tax return and to pay taxes as set forth in the substitute for return. *See* 26 U.S.C. §§ 6651(a)(1), (a)(2) (providing for additions to tax where taxpayer fails, without reasonable cause, to file a timely tax return or to pay the taxes due); *see also id.* § 6020(b)(2) (any substitute for return "made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes"); *id.* § 6651(g)(2) (any return made by the Secretary under § 6020(b) "shall be treated as the return filed by the taxpayer for purposes of determining the amount of the addition" under § 6651(a)(2)).

Contrary to Llanos's contention, the Tax Court had jurisdiction because the Commissioner mailed a valid notice of deficiency. *See* 26 U.S.C. § 6212; *Scar v.*

*Comm'r*, 814 F.2d 1363, 1366-70 (9th Cir. 1987) (discussing requirements for valid notice of deficiency such that jurisdiction is conferred upon the Tax Court).

We reject as without merit Llanos's contention that the Tax Court erred by refusing to address Llanos's tax avoidance arguments or by referring to them as "tax defier" arguments.

**AFFIRMED.**

20-70360