**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARRIE RAE ELDRIDGE, | No. 20-70221 |
| Petitioner-Appellant, | Tax Ct. No. 14744-18 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Carrie Rae Eldridge appeals pro se from the Tax Court's decision, after a

bench trial, upholding the Commissioner of Internal Revenue Service's

determination of a deficiency for tax year 2015, and imposing a penalty under 26

U.S.C. § 6673.  We have jurisdiction under 26 U.S.C. § 7482(a).  We review de

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo the Tax Court's legal conclusions and for clear error its factual findings. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination for 2015 because the Commissioner presented "some substantive evidence" that Eldridge failed to report income, and Eldridge failed "to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous." *Id.*

The Tax Court did not abuse its discretion by imposing against Eldridge a $3000 penalty under 26 U.S.C. § 6673 for maintaining frivolous positions despite the Tax Court's warnings. *See Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (setting forth standard of review and concluding that the Tax Court was within its discretion in imposing penalties under § 6673 against taxpayer who persisted in litigating frivolous positions following warning).

The Commissioner's motion for sanctions (Docket Entry No. 14) is denied, but the Commissioner may seek sanctions in a subsequent case if Eldridge continues to advance frivolous arguments. Eldridge's motion to take judicial notice (Docket Entry No. 21) and motion to strike (Docket Entry No. 24) are denied.

**AFFIRMED.**

20-70221