**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-15311 |
| Plaintiff-Appellee, | D.C. No. 1:18-cv-01318-AWI-SKO |
| v. | |
| PAUL D. WELDON, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| STATE OF CALIFORNIA FRANCHISE TAX BOARD; COUNTY OF FRESNO; CITY OF FRESNO, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Paul D. Weldon appeals pro se from the district court's summary judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for the United States in its action seeking to reduce federal tax assessments to judgment, and foreclose on tax liens. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992). We affirm.

The district court properly granted summary judgment for the United States regarding Weldon's assessed tax liabilities for the 2000, 2002 through 2008, 2010, 2012, and 2013 tax years because the government introduced evidence of its deficiency determinations, and Weldon failed to raise a genuine dispute of material fact as to whether the determinations were invalid. *See Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (explaining that the IRS's deficiency determinations are entitled to the presumption of correctness unless the taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *see also* Fed. R. Evid. 803(8)(b) (a record or statement of a public office is admissible where opponent has "not show[n] that the source of information or other circumstances indicates a lack of trustworthiness"); *Hardy v. Comm'r*, 181 F.3d 1002, 1005 (9th Cir. 1999) (affirming IRS determination of unreported income based on third-party reporting); *Laurins v. Comm'r*, 889 F.2d 910, 912 (9th Cir. 1989) ("The regulations and procedures for compromises under 26 U.S.C. § 7122 are the exclusive method of settling claims.").

The district court properly granted summary judgment for the United States

regarding the attachment of tax liens to Weldon's property because Weldon failed to raise a genuine dispute of material fact as to whether the liens against his property were invalid. *See* 26 U.S.C. § 7403(c) (authorizing the district court to decree a sale of property subject to a federal tax lien).

We reject as meritless Weldon's contention that the district court lacked jurisdiction. *See* 26 U.S.C. §§ 7401, 7403 (authorizing the government to commence civil actions for the recovery of taxes and enforcement of liens).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

21-15311