**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMILLAH KAMILLAH MUHAMMAD, | No. 21-71307 |
| Petitioner-Appellant, | Tax Ct. No. 7296-20 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted February 14, 2023**

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Jamillah Kamillah Muhammad appeals pro se from the Tax Court's

decision, following a bench trial, upholding the Commissioner of Internal

Revenue's ("IRS") determination of a deficiency for tax year 2016. We have

jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

legal conclusions and for clear error its factual determinations. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because the Commissioner presented some evidence that Muhammad failed to report income, and Muhammad did not submit any relevant evidence showing that the deficiency was arbitrary or erroneous. *See* 26 U.S.C. § 61(a) (defining gross income as "all income from whatever source derived"); *Hardy*, 181 F.3d at 1004-05 ("If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous."); *see also Maisano v. United States*, 908 F.2d 408, 409 (9th Cir. 1990) (recognizing that this court has rejected multiple variations of the "wages are not income" argument).

The Tax Court did not abuse its discretion in its evidentiary rulings. *See Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992) (setting forth standard of review and explaining that "this circuit as well as other circuits have held that official IRS documents, even if generated by a computer, are admissible as public records.").

We reject as unsupported by the record Muhammad's contentions that her

due process rights were violated or that the Tax Court was biased against her.

**AFFIRMED.**