FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEYMON MOTTAHEDEH,

                Petitioner-Appellant,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

                Respondent-Appellee.

No. 19-71432

Tax Ct. No. 22039-11

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted April 17, 2023[**]

Before:     CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Peymon Mottahedeh appeals pro se from the Tax Court's decision, following a bench trial, upholding the Commissioner of Internal Revenue's determination of income tax deficiencies and additions for the tax years 2001 to 2006. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tax Court's legal conclusions and for clear error its factual determinations. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because the Commissioner presented some evidence that Mottahedeh failed to report income, and Mottahedeh did not submit evidence showing that the deficiency was arbitrary or erroneous. *See id.* at 1004-05 ("If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous.").

We do not consider whether the Tax Court erred in sustaining additions for failure to file timely tax returns, failure to pay taxes, or failure to pay estimated income taxes because Mottahedeh did not address these issues in his opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

We reject as meritless Mottahedeh's contentions that his due process rights were violated.

The motion to withdraw as counsel for appellee (Docket Entry No. 61) is granted.

**AFFIRMED.**