NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY JOSEPH PODLUCKY;
KARLA S. PODLUCKY,

          Petitioners-Appellants,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

          Respondent-Appellee.

No.   22-70169

Tax Ct. No.  453-17

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted September 19, 2024[**]

Before:  O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

    Plaintiffs-appellants Gregory Joseph Podlucky ("Greg") and Karla S.

Podlucky ("Karla") (collectively, "Taxpayers"), appeal pro se the Tax Court's

judgment on their petition for redetermination of federal income tax deficiencies

for 2003-2006.  We have jurisdiction under 26 U.S.C. § 7483.  We review de novo

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Tax Court's legal conclusions and for clear error its factual findings. *SNJ Ltd. v. CIR*, 28 F.4th 936, 941 (9th Cir. 2022). We will reverse the Tax Court only when left with the definite and firm conviction that the Tax Court's factual findings, including a fraud finding, were wrong, in that the Tax Court's conclusion was 1) illogical, 2) implausible, or 3) without support in inferences that may be drawn from the record. *Id*. at 941-42; *Alexander Shokai, Inc. v. CIR*, 34 F.3d 1480, 1486 (9th Cir. 1994). We affirm.

The Tax Court did not clearly err in finding substantial evidence to support the deficiency notice, and in finding that Taxpayers had failed to rebut the resulting presumption of correctness. *See Hardy v. CIR*, 181 F.3d 1002, 1004-05 (9th Cir. 1999) (recognizing that, if government produces "some substantive evidence" of unreported income, burden shifts to taxpayer to establish that determination is arbitrary or erroneous). Neither did the Tax Court clearly err in finding evidence of fraud to support the penalty under 26 U.S.C. § 6663. *See Laurins v. CIR*, 889 F.2d 910, 913 (9th Cir. 1989); *Maciel v. CIR*, 489 F.3d 1018, 1026 (9th Cir. 2007) (listing "badges of fraud" to support tax penalty).

The Tax Court also properly found that Karla was not entitled to innocent spouse relief under 26 U.S.C. § 6013, when the amount of understatement of tax was attributable to her, in an amount that she should have known exceeded Taxpayers' income, and that was used to significantly benefit her in the form of

jewelry sized for her, among other things.

All remaining contentions lack merit.

**AFFIRMED.**