NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT B. LUCAS, <br><br> Petitioner - Appellant, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent - Appellee. | No. 23-3403 <br><br> D.C. No. 2808-20 <br><br> MEMORANDUM* |

Appeal from a Decision of the United States Tax Court

Submitted October 15, 2025**

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Robert B. Lucas appeals pro se from the Tax Court's decision, following a

bench trial, upholding the Commissioner of Internal Revenue's determination of a

deficiency for tax year 2017. We have jurisdiction under 26 U.S.C. § 7482(a)(1).

We review de novo the Tax Court's legal conclusions and for clear error its factual

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

determinations.  *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999).  We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because Lucas's retirement distribution was taxable income, and Lucas failed to demonstrate that any exception to the additional ten percent tax on early distributions applied.  *See* 26 U.S.C. § 61(a) (defining "gross income" as "all income from whatever source derived"); 26 U.S.C. § 402(a) (stating that "any amount actually distributed to any distributee by any employees' trust described in section 401(a) . . . shall be taxable to the distributee, in the taxable year of the distributee in which distributed"); 26 U.S.C. § 72(t)(1), (2) (imposing a "10-percent additional tax on early distributions from qualified retirement plans" and setting forth exceptions).

**AFFIRMED.**