**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAMLET C. BENNETT, | No. 15-71228 |
| Petitioner-Appellant, | Tax Ct. No.  15929-10 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 8, 2017**

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Hamlet C. Bennett appeals pro se from the Tax Court's decision, after a

bench trial, upholding the Commissioner of the Internal Revenue's determination

of income tax deficiencies, additions, and penalties for tax years 1995 through

2003, and imposing a penalty under 26 U.S.C. § 6673.  We have jurisdiction under

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions and for clear error its factual findings. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because the Commissioner presented "some substantive evidence" that Bennett failed to report income and Bennett failed to show "that the deficiency was arbitrary or erroneous." *Id.* at 1004-05. Contrary to Bennett's contention, the Commissioner mailed valid notices of deficiency and the Tax Court had jurisdiction. *See* 26 U.S.C. § 6212; *see also Scar v. Comm'r*, 814 F.2d 1363, 1366-70 (9th Cir. 1987) (discussing requirements for valid notice of deficiency). Moreover, Bennett failed to show that the Tax Court erred in sustaining the Commissioner's additions to taxes for Bennett's failure to pay taxes and fraudulent failure to file a return. *See* 26 U.S.C. §§ 6651(a)(2), 6651(f).

The Tax Court did not abuse its discretion by imposing against Bennett a $25,000 penalty under § 6673 for maintaining frivolous positions despite the Tax Court's repeated warnings. *See id.* § 6673(a)(1) (authorizing penalty not to exceed $25,000 where taxpayer's position is frivolous or groundless); *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (setting forth standard of review and concluding Tax Court was within its discretion in imposing penalties under § 6673 against taxpayer who persisted in litigating frivolous positions following warning).

15-71228

Contrary to Bennett's contention that the Tax Court erred in granting summary judgment without requiring the Commissioner to respond to additional discovery, Bennett failed to show that any outstanding information sought would have raised a genuine dispute of material fact.

We reject as meritless Bennett's contentions regarding recusal and alleged ex parte communications.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . .").

The Commissioner's request to dismiss this appeal for improper venue or alternatively to transfer the appeal to the Fifth Circuit Court of Appeals, set forth in the answering brief, is denied.

Bennett's requests for costs, return of property, and for an order to show cause why the Commissioner should not be held in contempt or sanctioned, set forth in his reply brief, are denied.

The Commissioner's unopposed motion for $8,000 sanctions (Docket Entry No. 23) is granted because we conclude this appeal was frivolous. *See* Fed. R. App. P. 38; *Wilcox v. Comm'r*, 848 F.2d 1007, 1008-09 (9th Cir. 1988).

**AFFIRMED.**

15-71228