NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLOVUS M. SYKES, | No. 14-73956 |
| Petitioner-Appellant, | Tax Ct. No. 9793-13 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted April 19, 2018**

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Clovus M. Sykes appeals pro se from the Tax Court's decision, after a bench

trial, upholding the Commissioner of Internal Revenue's determination of income

tax deficiencies for tax year 2009, and imposing a penalty under 26 U.S.C. § 6673.

We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de novo the Tax

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Court's legal conclusions and for clear error its factual findings. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We review the imposition of penalties under § 6673 for abuse of discretion. *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because the Commissioner presented "some substantive evidence" that Sykes failed to report income and Sykes did not submit any relevant evidence "showing that the deficiency was arbitrary or erroneous." *Hardy*, 181 F.3d at 1004–05. Contrary to Sykes's contentions, he failed to raise a "reasonable dispute" under 26 U.S.C. § 6201(d), with respect to any item of income reported on information returns because he admitted receiving the amounts reported.

The Tax Court did not abuse its discretion by imposing against Sykes a $25,000 penalty under § 6673 for maintaining frivolous positions despite the Tax Court's repeated warnings. *See* 26 U.S.C. § 6673(a)(1) (authorizing penalty not to exceed $25,000 where taxpayer's position is frivolous or groundless); *Wolf*, 4 F.3d at 716 (concluding Tax Court was within its discretion in imposing penalties under § 6673 against taxpayer who persisted in litigating frivolous positions following warning). We reject as unsupported Sykes's contention that the 21-day safe-harbor provision set forth in Federal Rule of Civil Procedure 11 applies to the Tax Court's imposition of penalties.

14-73956

We reject as without merit Sykes's contention that the Tax Court erred in admitting evidence without requiring authenticating witnesses.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curium).

Sykes's motion to consolidate (Docket Entry No. 36) is denied as moot.

**AFFIRMED.**