NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARGARET ANN HEWITT,

No. 21-71161

Petitioner-Appellant,

Tax Ct. No. 5108-20

v.

MEMORANDUM[*]

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

Appeal from a Decision of the
United States Tax Court

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Margaret Ann Hewitt appeals pro se from the Tax Court's decision,

following a bench trial, upholding the Commissioner of Internal Revenue Service's

determination of a deficiency for tax year 2016. We have jurisdiction under 26

U.S.C. § 7482(a)(1). We review de novo. *Hongsermeier v. Comm'r*, 621 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

890, 899 (9th Cir. 2010). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because the Commissioner presented "some substantive evidence" that Hewitt failed to report income, and Hewitt did not submit any relevant evidence "showing that the deficiency was arbitrary or erroneous." *Hardy v. Comm'r*, 181 F.3d 1002, 1004-05 (9th Cir. 1999). Although the declaration authenticating the IRS transcripts and third-party reporting records was not disclosed or made available for inspection prior to trial, *see* Fed. R. Evid. 902(11), the exhibits were nevertheless admissible, *see* Fed. R. Evid. 803(6) (records of a regularly conducted activity testified to by the custodian, are an exception to the rule against hearsay), 902(4)(A) (copies of an official record certified by the custodian are self-authenticating); *cf. Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992) ("[T]his circuit as well as other circuits have held that official IRS documents, even if generated by a computer, are admissible as public record.").

We reject as meritless Hewitt's contention that her due process rights were violated.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

21-71161