# United States Tax Court

T.C. Memo. 2023-141

DANIELLE MONIQUE SCOTT,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 15210-22.                               Filed November 28, 2023.

————————

Danielle Monique Scott, pro se.

*Massimiliano Valerio* and *James P.A. Caligure*, for respondent.


## MEMORANDUM OPINION

LAUBER, *Judge*: With respect to petitioner's Federal income tax for 2019, the Internal Revenue Service (IRS or respondent) determined a deficiency of $4,713. The deficiency stems from unreported gross income and an additional tax of $1,439 under section 72(t)[1] for an early distribution from a qualified retirement plan. Respondent has filed a Motion for Summary Judgment under Rule 121, contending that there are no disputes of material fact and that he is entitled to judgment as a matter of law. We agree and accordingly will grant the Motion.

### *Background*

The following facts are based on the parties' pleadings and respondent's Motion papers, including the Declarations and Exhibits

———————————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] attached thereto.  *See* Rule 121(c).  Petitioner resided in New York when her Petition was timely filed.

For 2019 petitioner filed a Form 1040, U.S. Individual Income Tax Return, reporting wages of $75,157, a standard deduction of $18,350, taxable income of $56,807, tax credits of $2,278, and a tax liability of $4,662.  After applying $11,462 of withholding credits shown on her Form W–2, Wage and Tax Statement, she reported a $6,800 overpayment.  She did not report on her return any dividends, capital gains, or retirement distributions.

The IRS selected petitioner's 2019 return for examination.  On the basis of a Form 1099–DIV, Dividends and Distributions, the IRS determined that petitioner had received but failed to report ordinary dividends and capital gain distributions of $90 and $644, respectively.  On the basis of a Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., the IRS determined that petitioner had received but failed to report a $14,386 taxable gross retirement distribution.

The Form 1099–R was filed by Fidelity Investments.  In box 7, captioned "Distribution codes," Fidelity entered Distribution Code 1, indicating an "[e]arly distribution, no known exception."  The instructions to Form 1099–R direct that Code 1 should be used "if the participant has not reached age 59½."

On March 21, 2022, the IRS issued petitioner a timely notice of deficiency.  After applying $1,877 of additional withholding credits shown on the Form 1099–R, the IRS determined a tentative tax of $3,274.  To that sum the IRS added tax of $1,439 under section 72(t), which imposes a 10% additional tax on early distributions from qualified retirement plans.

Petitioner timely petitioned this Court for redetermination.  She did not assign error to any item of unreported income determined in the notice of deficiency.  As the basis for her disagreement with the IRS's adjustments she stated: "For the last 10 years I have made approximately the same amount of income.  Retirement investments are taxed before being applied to the 401K plan."

On March 10, 2023, respondent served petitioner with a request for admissions.  In this request respondent asked petitioner to admit that (1) she received in 2019 the items of unreported income listed above and (2) she has no documentation establishing that those amounts were

[*3] excludable from taxable income. Petitioner did not respond to this request for admissions. The matters covered by the request are thus deemed admitted. *See* Rule 90(c).

On April 21, 2023, respondent filed a Motion for Summary Judgment, to which we directed petitioner to respond by May 22, 2023. We warned her that, "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a Motion for Summary Judgment." Petitioner did not respond to the Motion by May 22 or subsequently.

In his Motion respondent contended that he was entitled to summary judgment on the basis of the matters deemed admitted under Rule 90(c). Although these admissions included a general admission that the adjustments in the notice of deficiency "are correct in all aspects," there was no admission directed specifically to petitioner's liability for the 10% additional tax. We accordingly gave petitioner one final chance to address this issue. By Order served September 1, 2023, we again directed her to respond to the Motion for Summary Judgment and to include in her response "any evidence she has to support her position that the 10% additional tax under section 72(t) should not have been applied to the retirement distribution she received in 2019." Petitioner did not respond to our Order by the October 2, 2023, deadline or subsequently.

## *Discussion*

### I.    *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520.

Facts deemed admitted under Rule 90(c) are considered conclusively established and may be relied upon in deciding whether to grant a motion for summary judgment. *See Marshall v. Commissioner*, 85 T.C. 267, 272–73 (1985); *Morrison v. Commissioner*, 81 T.C. 644, 651–52 (1983); *Doncaster v. Commissioner*, 77 T.C. 334, 336 (1981). Where the

[*4] moving party makes and properly supports a motion for summary judgment, "the nonmovant may not rest on the allegations or denials in that party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

Because petitioner did not respond to the Motion for Summary Judgment, we could enter a decision against her for that reason alone. *See* Rule 121(d). We will nevertheless consider the Motion on its merits. We conclude that no material facts are in genuine dispute and that this case is appropriate for summary adjudication.

## II.     *Burden of Proof*

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a); *see Welch v. Helvering*, 290 U.S. 111, 115 (1933). In certain circumstances, section 7491 may shift to the Commissioner the burden of proof on certain factual issues. But that section applies only if the taxpayer (among other things) "introduces credible evidence" with respect to those issues. *See* § 7491(a)(1), (2)(B). Petitioner does not meet these requirements.

## III.     *Gross Income*

"[G]ross income means all income from whatever source derived," including capital gains and dividends. § 61(a)(3), (7). Gross income likewise includes distributions from a qualified retirement plan. *See* §§ 61, 72(a)(1), 408(d)(1). Such distributions are taxable in full unless the taxpayer has acquired a basis in her account (for example) by making nondeductible contributions to it. *See* §§ 72(b), (e)(6), 408(d)(2); *Campbell v. Commissioner*, 108 T.C. 54, 66–67 (1997).

In cases of unreported income, the Commissioner must establish an evidentiary foundation connecting the taxpayer with the income-producing activity, *see Llorente v. Commissioner*, 649 F.2d 152, 156 (2d Cir. 1981), *aff'g in part, rev'g in part* 74 T.C. 260 (1980), or demonstrate that the taxpayer actually received income, *Edwards v. Commissioner*, 680 F.2d 1268, 1270–71 (9th Cir. 1982). "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous." *Walquist v. Commissioner*, 152 T.C. 61, 67–68 (2019) (citing *Helvering v. Taylor*, 293 U.S. 507, 515

[*5] (1935)); *see Texasgulf, Inc., & Subs. v. Commissioner*, 172 F.3d 209, 214 (2d Cir. 1999), *aff'g* 107 T.C. 51 (1996).

Respondent met his threshold burden here by supplying a Form 1099–DIV showing that petitioner in 2019 received ordinary dividends and capital gain distributions of $90 and $644, respectively. Respondent has also supplied a Form 1099–R showing that petitioner in 2019 received a taxable retirement distribution of $14,386. Respondent may rely on these third-party reports of income because petitioner has not raised a reasonable dispute concerning their accuracy. *See Hardy v. Commissioner*, 181 F.3d 1002, 1004–05 (9th Cir. 1999), *aff'g* T.C. Memo. 1997-97; *Muhammad v. Commissioner*, T.C. Memo. 2021-77, 121 T.C.M. (CCH) 1576, 1578, *aff'd without published opinion*, No. 21-71307, 2023 WL 2184819 (9th Cir. Feb. 23, 2023); *see also* § 6201(d).

Petitioner in her Petition assigned no error to the IRS's determinations of unreported income. An issue not raised in an assignment of error is generally deemed conceded. *See* Rule 34(b)(1)(G). Respondent then served a request for admissions asking petitioner to admit that she received the items of unreported income and had no documentation establishing their nontaxability. Because she failed to respond to that request, she is deemed to have admitted receiving taxable income in the relevant amounts. *See* Rule 90(c).

These deemed admissions alone suffice to establish that no genuine dispute exists as to the issue of unreported income. *See Marshall*, 85 T.C. at 272–73. We accordingly conclude that respondent's determinations of unreported income, as set forth in the notice of deficiency, are correct, and those determinations are sustained. *See Hardy v. Commissioner*, 181 F.3d at 1004; *Powerstein v. Commissioner*, T.C. Memo. 2011-271, 102 T.C.M. (CCH) 497, 506.

IV.    *Additional Tax*

Section 72(t) imposes a 10% "additional tax" on early distributions from qualified retirement plans. An early distribution is defined as one made before "the date on which the employee attains 59 1/2." *See* § 72(t)(2)(A)(i). This additional tax does not apply if the taxpayer is over 59-1/2 on the distribution date or if distribution falls under one of the exceptions in section 72(t)(2). These exceptions include (but are not limited to) distributions attributable to the taxpayer's disability and those made to cover the costs of certain medical expenses and/or qualified higher education expenses. *See* § 72(t)(2).

**[\*6]**    The Form 1099–R supplied by Fidelity Investments stated that petitioner's $14,386 retirement distribution was an "[e]arly distribution, no known exception."  This statement indicates that, according to Fidelity's business records, petitioner was under age 59-1/2 at the time of the distribution.  Petitioner did not dispute that fact in her Petition.  And since filing her Petition, she has supplied no evidence, despite several opportunities to do so, that she was 59-1/2 or older when the distribution was made or that any exception set forth in section 72(t)(2) applies.  Finding no genuine dispute of material fact on these points, we will sustain respondent's determination of a $1,439 additional tax for 2019.

To reflect the foregoing,

*An appropriate order and decision will be entered.*