# United States Tax Court

T.C. Memo. 2026-32

KELBY DANIEL REYES BARRIOS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 14691-24.                    Filed April 16, 2026.

————

Kelby Daniel Reyes Barrios, pro se.

*Julie Vandersluis Skeen*, *Brittany M. Reid*, and *Lesley A. Hale*, for respondent.

## MEMORANDUM OPINION

URDA, *Chief Judge*: Petitioner, Kelby Daniel Reyes Barrios, challenges the Internal Revenue Service's (IRS) determination of a federal income tax deficiency of $3,842 for his 2022 tax year. The IRS concluded that Mr. Reyes Barrios failed to include $15,206 in nonemployee compensation in his income for that year. The Commissioner has filed a motion for summary judgment, contending that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. We agree and will grant the Commissioner's motion.

### Background

Mr. Reyes Barrios did not respond to the Commissioner's motion for summary judgment. The following uncontroverted facts are taken from the pleadings, the exhibits attached to the declaration supporting the motion, and the other filings in this case. *See, e.g., Kotrides v.*

[*2] *Commissioner*, T.C. Memo. 2022-67, at *2. Mr. Reyes Barrios lived in California when he timely petitioned this Court.

On his 2022 federal income tax return, Mr. Reyes Barrios reported total income of $8,964. Relying on Form 1099-NEC, Nonemployee Compensation, the IRS later concluded that he had received an additional $15,206 in nonemployee compensation from Antigua Floral & Styling, LLC. The IRS accordingly issued a notice of deficiency determining a tax deficiency of $3,842.

Mr. Reyes Barrios timely filed a petition with this Court contesting the Commissioner's determination. On his petition he asserted that he did not report the income because the tax "forms were mailed to a [previous] address" and he received them only after filing his return.

The Commissioner filed a motion for summary judgment, arguing that there was no genuine dispute that Mr. Reyes Barrios failed to report nonemployee compensation. The Court ordered Mr. Reyes Barrios to respond to the motion, explaining that failure to do so risked the Court's granting the motion, which would end Mr. Reyes Barrios's case. He nonetheless did not respond within the time provided or at any time since.

Receiving no response, the Court set the motion for hearing at our San Francisco, California, trial session. Mr. Reyes Barrios, however, did not appear at the hearing or otherwise communicate with the Court.

The Court provided Mr. Reyes Barrios a final opportunity to respond to the motion for summary judgment. Mr. Reyes Barrios did not do so.

*Discussion*

I. *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Under Rule 121(a)(2),[1] the Court shall grant summary judgment when the movant shows that

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). The nonmoving party, however, may not rest upon the mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Because Mr. Reyes Barrios did not respond to the motion for summary judgment, we could enter decision against him for that reason alone. *See* Rule 121(d). We nevertheless consider the motion on its merits and conclude that no material facts are in genuine dispute and that this case is appropriate for summary adjudication.

II.    *Unreported Income*

The IRS's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In cases involving failure to report income, the U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would ordinarily lie, *see* I.R.C. § 7482(b)(1)(A), has held that the Commissioner must establish "some evidentiary foundation" linking the taxpayer to an alleged income-producing activity before the presumption of correctness attaches to the deficiency determination, *Weimerskirch v. Commissioner*, 596 F.2d 358, 361–62 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977). Undisputed third-party information returns suffice to establish this foundation. *See, e.g., Hardy v. Commissioner*, 181 F.3d 1002, 1004–05 (9th Cir. 1999), *aff'g* T.C. Memo. 1997-97; *Scott v. Commissioner*, T.C. Memo. 2023-141, at *5; *Peak v. Commissioner*, T.C. Memo. 2021-128, at *6–7; *see also* I.R.C. § 6201(d). Once the Commissioner has established such a foundation, the burden of proof shifts to the taxpayer to prove that he is entitled to an exclusion from gross income. *See Algarawi v. Commissioner*, T.C. Memo. 2026-8, at *4.

The nonemployee compensation payments at issue in this case are undisputed. The Commissioner supported his motion with IRS account transcripts and Form 1099-NEC, reflecting that Mr. Reyes Barrios received $15,206 in nonemployee compensation from Antigua Floral & Styling, LLC, during tax year 2022. Mr. Reyes Barrios did not contest receiving this amount either in his petition or at any other point

**[\*4]** during the pendency of this case. Mr. Reyes Barrios therefore bears the burden to prove that the IRS erred in its determination that the amount received constituted taxable income.

In this Court Mr. Reyes Barrios asserts solely that he received tax forms (ostensibly including the forms reflecting his nonemployee compensation) after filing his return. The failure to receive tax information forms, however, does not excuse a taxpayer from his obligation to report income. *See, e.g., Jones v. Commissioner*, T.C. Memo. 2010-112, 2010 WL 2011013, at \*8; *Du Poux v. Commissioner*, T.C. Memo. 1994-448, 1994 WL 479018, at \*1 ("[F]ailure to receive tax documents does not excuse taxpayers from the duty to report income.").

III.    *Conclusion*

There is no genuine dispute as to any material fact, and the Commissioner is entitled to judgment as a matter of law. The IRS's deficiency determination is sustained.

To reflect the foregoing,

*An appropriate order and decision will be entered.*